**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Mattheau Lucas**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Circle Logistics, Inc.**, an Indiana corporation, **Eric Fortmeyer and Jane Doe Fortmeyer** a married couple, and **Chad Buchanan and Jane Doe Buchanan**, a married couple,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, ET SEQ.**<br><br>**(Demand for Jury Trial)** |

Plaintiff, Mattheau Lucas ("Plaintiff") individually, and on behalf of all other persons similarly situated, alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for unpaid minimum wages, unpaid overtime, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).  Plaintiff brings this action on behalf of

-1-

himself and all similarly-situated current and former Account Executives[1] (also referred to as the "Covered Positions") of Defendants.

2.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants[2] for their unlawful failure to pay overtime in violation of the FLSA.

3.     Plaintiff brings a collective action under the FLSA to recover the unpaid overtime wages owed to him individually and on behalf of all other similarly-situated Account Executives and Operations Agents, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

4.     Plaintiff and the Collective Members are current and former employees of Defendants and brings this action on behalf of himself and all similarly-situated current and former Account Executives and Operations Agents who Defendants misclassified as "exempt" from overtime under the FLSA, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

[1] For the purposes of this Complaint, "Account Executives" is exclusively aa title used for the purpose of referring to the putative collective of similarly situated individuals. It is not necessarily the exclusive job title of Plaintiff or the Collective Members–which includes current and former employees of Defendants who were required to perform work in excess of 40 hours in a given workweek and were not compensated at a rate of one and one-half times their regular rate for such hours–, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

[2] All Defendants to this action are collectively referred to as either "Circle Logistics" or "Defendants" unless specified otherwise.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

5.      The Collective Members are all current and former Account Executives and Operations Agents who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

6.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

7.      Plaintiff further brings this action individually for Defendants' failure to compensate him at least the applicable minimum wage for all hours spent working during Plaintiff's final pay period of work for Defendants, in violation of the FLSA, 29 U.S.C. § 201, et seq.

8.      Plaintiff further brings this action individually for Defendants' failure to compensate him at least the applicable minimum wage for all hours spent working during Plaintiff's final pay period of work for Defendants, in violation of the Arizona Minimum Wage Act,("AMWA"), Arizona Revised Statutes ("ARS") 23-362, et seq.

9.      Plaintiff further brings this action individually for Defendants' failure to compensate him all wages due and owing for all hours spent working during Plaintiff's final pay period of work for Defendants, in violation of the Arizona Wage Act,("AWA"), Arizona Revised Statutes ("ARS") 23-350, et seq.

## JURISDICTION AND VENUE

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

10.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this action arises under the Constitution and laws of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

13.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

14.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pinal County, Arizona, and is a former employee of Defendants.

15.     At all material times, Plaintiff was a full-time employee of Defendants who worked as an Account Executive from approximately June 6, 2022 through approximately September 30, 2022.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-4-

16.     At all material times, Plaintiff was employed by Defendants and paid as exempt employees.

17.     At all relevant times, Defendants employed Account Executives and other similarly titled individuals to perform various non-exempt duties, including, but not limited to, cold-calling and emailing current and potential customers to obtain the customer's agreement to ship their freight using Circle Logistics' services.

18.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

19.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

20.     Plaintiff has given his written consent to be party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

21.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former Account Executives of Defendants, including but not limited to current or former Account Executives and other similarly titled employees of Defendants who agree in writing to join this action seeking recovery under the FLSA.

22.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Account Executives and similarly titled employees of Defendants who Defendants

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1  misclassified as "exempt" from overtime under the FLSA and, therefore, did not receive

2  an overtime premium for time spent working in excess of 40 hours in a given workweek.

3    23.   Defendant Circle Logistics, Inc. is an Indiana corporation, authorized to do

4  business in the State of Arizona and was at all relevant times Plaintiff's and the

5  Collective Members' Employer as defined by 29 U.S.C. § 203(d).

6

7    24.   Under the FLSA, Defendant Circle Logistics, Inc. is an employer.  The

8  FLSA defines "employer" as any individual who acts directly or indirectly in the interest

9  of an employer in relation to an employee.  At all relevant times, Defendant Circle

10  Logistics, Inc. had the authority to hire and fire employees, supervised and controlled

11

12  work schedules or the conditions of employment, determined the rate and method of

13  payment, and maintained employment records in connection with Plaintiff's and the

14  Collective Members' employment with Circle Logistics.  Having acted in the interest of

15  Circle Logistics in relation to their employees, including Plaintiff, Defendant Circle

16  Logistics, Inc. is subject to liability under the FLSA.

17

18    25.   Under the FLSA, Defendants Eric Fortmeyer and Jane Doe Fortmeyer are

19  employers.  The FLSA defines "employer" as any individual who acts directly or

20  indirectly in the interest of an employer in relation to an employee.  At all relevant times,

21

22  Defendants Eric Fortmeyer and Jane Doe Fortmeyer were the owners of Circle Logistics.

23  At all relevant times, they had the authority to hire and fire employees, supervised and

24  controlled work schedules or the conditions of employment, determined the rate and

25

26  method of payment, and maintained employment records in connection with Plaintiff's

27  and the Collective Members' employment with Circle Logistics. As persons who acted in

the interest of Circle Logistics in relation to Circle Logistics' employees, including Plaintiff, Defendants Eric Fortmeyer and Jane Doe Fortmeyer are subject to individual liability under the FLSA.

26.     Under the FLSA, Defendants Chad Buchanan and Jane Doe Buchanan are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Chad Buchanan and Jane Doe Buchanan were the owners of Circle Logistics. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Cirlce Logistics. As persons who acted in the interest of Circle Logistics in relation to Circle Logistics' employees, including Plaintiff, Defendants Chad Buchanan and Jane Doe Buchanan are subject to individual liability under the FLSA.

27.     Defendants, and each of them, are sued in both their individual and corporate capacities.

28.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

29.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

30.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

31.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

32.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

33.     At all relevant times, Plaintiff and the Collective Members in his work for Defendants, was engaged in commerce or the production of goods for commerce.

34.     At all relevant times, Plaintiff and the Collective Members, in his work for Defendants, wsa employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

35.     At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiff and the Collective Members.

## **FACTUAL ALLEGATIONS**

36.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37.     Defendants own and/or operate as Circle Logistics, Inc., an enterprise located in Maricopa County, Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

38.     Circle Logistics is a third-party logistics company headquartered in Indiana, with offices located in Arizona, that facilitates the domestic transportation of nationally.

39.     Circle Logistics functions as a broker connecting companies that need to ship freight with carriers to ship that freight.

40.     Circle Logistics receives fees from customers with freight to ship, and it makes payments to carriers to ship that freight.

41.     Circle Logistics' profit derives from the margin between the fees it collects from customers and the payments it makes to carriers.

42.     At all relevant times in his work for Defendants in the Covered Positions, Plaintiff performed and continued to perform straightforward inside sales tasks.

43.     At all relevant times in their work for Defendants, Account Executives had and have the primary job duty of cold-calling current and potential customers and selling Circle Logistics' services to them.  They call and email current and potential customers to obtain the customer's agreement to ship their freight using Circle Logistcs' services.

44.     At all relevant times in their work for Defendants, the Covered Positions are and have been classified as FLSA-exempt and paid a base salary plus commissions based entirely on sales performance.

45.     On approximately June 6, 20ww, Plaintiff began employment with Defendants as an Account Executive, performing primarily non-exempt tasks, such as cold-calling current and potential customers and securing contracts for the customers to ship freight using Circle Logistics services.

46.     Rather than paying their Account Executives and other similar titled employees–including Plaintiff and the Collective Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants misclassified them as "exempt" in order to avoid their responsibilities under the FLSA.

47.     Defendants, in their sole discretion, agreed to compensate Plaintiff a base annual salary of $55,000.00 with the potential for commission incentives, regardless of how many hours he worked per workweek.

48.     Plaintiff, in his work for Defendants, was a fully remote worker, working from home.

49.     Defendants required Plaintiff to perform work during regular business hours, as well as at nights and on weekends.

50.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff worked approximately sixty (60) hours per week for Defendants.

51.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff worked twenty (20) hours of overtime without being compensated at one-and-one-half times his regular rates of pay for such time worked.

52.     In their work for Defendants, Plaintiff and the Collective Members were non-exempt employees.

53.     At all relevant times, Defendants have required and require the Covered Positions to be constantly available by phone and email and immediately responsive to

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

customers' and carriers' needs, as well as in touch with each other to monitor ever-changing freight needs and carrier availability.

54.     At all relevant times, Circle Logistics has required and requires the Covered Positions to work continuously through the day, communicating with potential and current customers and carriers by phone, text, and email, finalizing shipping arrangements and contracts.

55.     Circle Logistics also sets challenging sales quotas, enforces them harshly, and fosters an intensely competitive culture.

56.     These factors cause Plaintiff to consistently work significant overtime.

57.     Because of the nature of the work and demands placed by Circle Logistics, management is aware that Plaintiff is consistently working extensive time outside of normal business hours, during mornings, evenings, and weekends.

58.     In their work for Defendants, Plaintiff and the Collective Members were not outside sales employees.

59.     In their work for Defendants, Plaintiff and the Collective Members were not commissioned sales employees half of whose total earnings consisted of commissions.

60.     At no point during any workweek during which Plaintiff and Collective Members worked for Defendants did more than half of their total earnings consist of commissions.

61.     In their work for Defendants in the Covered Positions, Plaintiff's and the Collective Members' primary duty was not managing the enterprise that is Circle

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Logistics, or managing a customarily recognized department or subdivision of the enterprise that is Circle Logistics.

62.     In their work for Defendants in the Covered Positions, Plaintiff and the Collective Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

63.     In their work for Defendants in the Covered Positions, Plaintiff and the Collective Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

64.     In their work for Defendants in the Covered Positions, Plaintiff's and the Collective Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Circle Logistics or Circle Logistics' customers.

65.     In their work for Defendants in the Covered Positions, Plaintiff's and the Collective Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

66.     From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff and the Collective Members for any of their overtime hours.  During each and every workweek during which Plaintiff and the Collective Members worked for Defendants, they worked approximately sixty (60) hours per week, including routinely working through lunch periods, routinely working at night, and routinely working on weekends for which time

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Defendants failed to accurately record Plaintiff's and the Collective Members' time worked while suffering or permitting them to work nonetheless.

67.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

68.    Defendants engaged in the regular practice of willfully failing to pay Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiff and Collective Members to work in excess of forty (40) hours per workweek.

69.    As a result of Defendants' willful failure to pay Plaintiff and Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiff and the Collective Members less than the applicable overtime wage rate for such work that Plaintiff and the Collective Members performed in excess of forty (40) hours per workweek.

70.    Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff and the Collective Members to work.  As such, Plaintiff's and the Collective Members' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiff and the Collective Members to work.

71.    As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

72.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

73.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

74.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

75.     In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

76.     Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

77.     Defendants wrongfully withheld wages from Plaintiff and the Collective Members by failing to pay all wages due for hours Plaintiff and the Collective Members.

78.     In addition, Defendants improperly withheld wages from Plaintiff's final paycheck.

79.     Due to Defendants' improper withholding of wages from Plaintiff's final paycheck, Plaintiff's wages fell below the applicable statutory minimum

80.     As a result, Defendants failed to compensate Plaintiff at least the statutory minimum for all hours worked in his final pay period, in violation of the FLSA, 29 U.S.C. § 201, et seq.

81.     As a result, Defendants failed to compensate Plaintiff at least the statutory minimum for all hours worked in his final pay period, in violation of the AMWA, A.R.S. § 23-362, et seq.

82.     As a result, Defendants failed to compensate Plaintiff all wages due and owing for all hours worked in his final pay period, in violation of the AWA, A.R.S. § 23-350, et seq.

83.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

84.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

85.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S. § 23-364.

86.      Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation in the amount of treble his unpaid wages under A.R.S. § 23-355.

## COLLECTIVE ACTION ALLEGATIONS

87.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representatives of individuals similarly situated who are current or former Account Executives or similar titled employees of Defendants.

89.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representatives of individuals similarly situated who are current and former Account Executives or similar titled employees of Defendants, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

90.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.  Plaintiff's claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical.

91.     Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek.  Further, Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

92.     Plaintiff and the Collective Membrers were paid a base annual salary of approximately $55,000.00 with the potential for commission incentives, regardless of how many hours they worked per workweek.

93.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, they were scheduled to work, in excess of 40 hours per week.

94.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, they worked approximately

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

twenty (20) hours of overtime without being compensated at one-and-one-half times their regular rate of pay for such time worked.

95.     Although Defendants permitted and/or required Plaintiff and the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

96.     The Collective Members perform or have performed the same or similar work as the Plaintiff.

97.     The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

98.     The Collective Members are not exempt from receiving overtime pay.

99.     As such, the Collective Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime.

100.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

101.    The experiences of Plaintiff, with respect to their pay, are typical of the experiences of the Collective Members.

102.    The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

103.    All class members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

104.   Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

105.   As such, Plaintiff bring their FLSA overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former Logistics Account Executives or other similarly titled employees who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

106.   Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

107.   Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

108.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

109.   This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

110.   The Collective Members perform or have performed the same or similar work as Plaintiff.

111.   Upon information and belief, the individuals similarly situated to Plaintiff include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

112.   Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

113.   Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

## **DAMAGES**

114.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115.   Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid at the federally mandated overtime rate–i.e., Plaintiff and the

Collective Members are entitled one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per week for Defendants.

116.    Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

117.    Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

<u>**COUNT ONE: FAIR LABOR STANDARDS ACT**</u>
<u>**COLLECTIVE MEMBERS**</u>
<u>**UNPAID OVERTIME**</u>

118.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

119.    Defendants misclassified Plaintiff and the Collective Members as "exempt" from overtime under the FLSA.

120.    Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

121.    While employed by Defendants, Plaintiff and the Collective Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for such time.

122.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

123.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

124.    Plaintiffs and the Collective Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

125.    Additionally, while employed by Defendants, during each and every workweek during which Plaintiff and the Collective Members worked, Defendants suffered or permitted Plaintiff and the Collective Members to work overtime hours during lunch breaks, outside of normal business hours and on weekends, yet Defendant did not pay Plaintiff or the Collective Members any wage whatsoever for such time Plaintiff and the Collective Members worked.  As a result, Defendants additionally failed or refused to compensate Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for hours Plaintiff and the Collective Members worked outside of normal business hours and on weekends.

126.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

127.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

128.    Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment,

Plaintiff and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

129.   Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

130.   Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

131.   As a result of Defendants failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

1   **WHEREFORE**, Plaintiff, Mattheau Lucas, individually, and on behalf of all other

2   similarly situated persons, respectfully request that this Court grant relief in Plaintiff's

3   and the Collective Members' favor, and against Defendants for compensation for unpaid

4   overtime wages, plus liquidated damages, prejudgment and post-judgment interest,

5

6   reasonable attorneys' fees, costs, and disbursements of this action, and any additional

7   relief this Court deems just and proper.

8                    **COUNT TWO: FLSA–MINIMUM WAGE**
                **PLAINTIFF MATTHEAU LUCAS, INDIVIDUALLY**
9                       **FAILURE TO PAY MINIMUM WAGE**

10

11   132.   Plaintiff realleges and incorporates by reference all allegations in all

12   preceding paragraphs.

13   133.   Defendants subjected Plaintiff to the improper deductions from his final

14   paycheck.

15

16   134.   As a result of such improper deductions, Plaintiff did not receive at least the

17   applicable minimum wage for all hours worked in his final week of work for Defendants.

18   135.   As such, Defendants therefore failed and/or refused to pay Plaintiff at least

19   the full minimum wage according to the provisions of the FLSA for at least one or more

20   workweeks that he worked for Defendants, for the duration of his employment, in

21

22   violation of 29 U.S.C. § 206(a).

23   136.    Defendants knew that – or acted with reckless disregard as to whether –

24   their failure to pay Plaintiff the full minimum wage for his final week of employment

25   would violate federal law, and Defendants were aware of the FLSA minimum wage

26

27

1  requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a

2  willful violation of the FLSA.

3      137.  Plaintiff is therefore entitled to compensation for the full minimum wage at

4  an hourly rate, to be proven at trial, plus an additional equal amount as liquidated

5

6  damages, together with interest, reasonable attorneys' fees, and costs.

7      **WHEREFORE**, Plaintiff, Mattheau Lucas, individually, respectfully request that

8  this Court grant relief in Plaintiff's favor, and against Defendants for compensation for

9  unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment

10

11  interest, reasonable attorneys' fees, costs, and disbursements of this action, and any

12  additional relief this Court deems just and proper.

13                      <u>**COUNT THREE: AMWA–MINIMUM WAGE**</u>

14  <u>**PLAINTIFF MATTHEAU LUCAS, INDIVIDUALLY**</u>
   <u>**FAILURE TO PAY MINIMUM WAGE**</u>

15

16      138.  Plaintiff realleges and incorporates by reference all allegations in all

17  preceding paragraphs.

18      139.  Defendants subjected Plaintiff to the improper deductions from his final

19  paycheck.

20

21      140.  As a result of such improper deductions, Plaintiff did not receive at least the

22  applicable minimum wage for all hours worked in his final week of work for Defendants.

23      141.  As such, Defendants therefore failed and/or refused to pay Plaintiff at least

24  the full minimum wage according to the provisions of the FLSA for at least one or more

25  workweeks that he worked for Defendants, for the duration of his employment, in

26

27  violation of A.R.S § 23-363.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-25-

142.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the full minimum wage in the final workweek of his employment would violate Arizona law, and Defendants were aware of the Arizona minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the AMWA.

143.    Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Mattheau Lucas, individually, respectfully request that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**PLAINTIFF MATTHEAU LUCAS, INDIVIDUALLY**
**FAILURE TO PAY WAGES DUE AND OWING**

144.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

145.    As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

146.    Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

147.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

148.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

149.    Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Mattheau Lucas, individually, respectfully request that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

### **JURY TRIAL DEMAND**

2
Plaintiff demands a trial by jury on all issues so triable.

3

4
RESPECTFULLY SUBMITTED this 19th day of October, 2022.

5

6
BENDAU & BENDAU PLLC

7
By: /s/ *Christopher J. Bendau*

8
Clifford P. Bendau, II
Christopher J. Bendau

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060